STATE BOARD OF FOREST PARK RESERVATION COMMISSIONERS, PROSECUTOR, v. PETER Y. VEEDER, DEFENDANT.

Submitted December 3, 1914—Decided June 10, 1915.

In order to subject the defendant to a penalty under section 11 of the act of 1911 (*Pamph. L., p.* 56), entitled "An act for the appointment of fire wardens, the prevention of forest fires and the repeal of sundry acts relating thereto," which section provides, "no person shall set fire to or burn, or cause to be burned, any waste land, brush land or forest land," &c., it is essential that it appear that the burning or causing to be burned be the intentional act of the defendant and not the result of mere negligence.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Josiah Stryker* and *John W. Wescott,* attorney-general.

For the defendant, *David A. Veeder.*

The opinion of the court was delivered by

KALISCH, J.   This case, though it differs in its facts from those which were present in State Board of Forest Park Reservation Commissioners against McCloskey, decided at the present term of court, nevertheless calls for the application of the same legal rules set out in the opinion filed in the case mentioned.

In the case under consideration, the defendant was convicted in the justice court of a violation of section 11 of the act of 1911 (*Pamph. L., p.* 56), which provides: "No person shall set fire to or burn, or cause to be burned, any waste land, brush land or forest land," &c.

The defendant appealed from the judgment pronounced against him to the Ocean Common Pleas Court, which court, after hearing the testimony on the part of the plaintiff, gave a judgment of nonsuit.   That judgment has been brought before us for review on *certiorari.*

The proof tended to establish that the defendant set fire to his salt marsh and that both he and his hired man watched the fire; that at the time when the defendant set fire to his salt marsh, the wind was blowing from the west and that it was due to a sudden shifting of the wind from west to south that caused the fire to spread to the wood land.

No claim is made that salt marsh is included in the category of waste land, brush land or forest land as set out in section 11.

The insistence of counsel of prosecutor is that the defendant by setting fire to his salt marsh did "cause to be burned" wood land and therefore incurred the penalty of the act.

We think that in order to hold the defendant accountable under section 11 of the act it was essential that it should have appeared that the causing of the wood land to be burned was his intentional act.

A conviction cannot be properly had under section 11 where it appears that the act which caused the burning of the forest land, &c., was the result of mere negligence.

The facts of the present case signally illustrate the necessity, in order to protect the innocent, that the legal rule relating to the construction of penal statutes should not be relaxed.

· It is difficult to believe that it was the legislative intent to hold a person responsible for a condition brought about solely by a sudden shift of wind.

To give the act such a construction is to run it into absurdity.

The judgment will be affirmed.